IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL DAGEL,** d/b/a | § | |
| **LIFESTYLE MEDIA GROUP,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-663-L** |
| | § | |
| **RESIDENT NEWS, LLC, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Rule 4 Review and Appeal and Rule 72 Objections of

Portions of the Magistrate's Orders Dated June 11, 2012 (DE 83), with Incorporated Rule 60 Request

for Relief (Doc. 91), filed June 28, 2013.  Defendants appeal and object to the magistrate judge's

denial of their Motion for Protective Order (Doc. 73), filed May 13, 2013, by which they sought to

avoid certain discovery by  Plaintiff.  Defendants contend that, contrary to the magistrate judge's

order, no evidence was presented at the hearing held on the motion.  Citing a San Antonio Court of

Appeals case, Defendants contend that the magistrate judge should have conducted an evidentiary

hearing on their motion.  Defendants also seek relief under Federal Rule of Civil Procedure 60(b).

Defendants also assert in passing that the court lacks jurisdiction over the parties' dispute.

A magistrate judge's determination regarding a nondispositive matter is reviewed under the

"clearly erroneous or contrary to law" standard.  28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a)

("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly

erroneous or is contrary to law.").  This highly deferential standard requires the court to affirm the

decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and

firm conviction that a mistake has been committed." *United States v. Unites States Gypsum Co.*, 333

U.S. 364, 395 (1948).  As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*,

No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions.  [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted).

Rule 60(b) states that the court may relieve a party from a final judgment or order for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(l)-(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the

district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting

*Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

As the movant for a protective order, Defendants had the burden of showing good cause for

the requested relief by "show[ing] the necessity of its issuance, which contemplates a particular and

specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *In re*

*Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326

**Memorandum Opinion and Order – Page 2**

n.3 (5th Cir. 1978)).  Although not required to do so, the magistrate judge conducted a hearing on Defendants' Motion for Protective Order and concluded, based on the record before her, that Defendants were not entitled to a protective order and the relief requested.  Finding no error, the court **affirms** the magistrate judge's ruling on Defendants' Motion for Protective Order and **overrules** Defendants' objections.

The court further concludes that Defendants' request for relief from the magistrate judge's discovery order pursuant to Rule 60(b) is not appropriate.  Rule 60(b) applies to orders, judgments, and proceedings that are final.  Fed. R. Civ. P. 60(b).  Discovery orders, however, are not considered to be final decisions within the scope of Rule 60(b).  *Piratello v. Philips Elecs. N. Am. Corp.*, 360 F.3d 506, 508-09 (5th Cir. 2004) (holding that postjudgment orders granting discovery are not considered final judgments and may be appealed only after the issuance of a contempt order for failure to comply); *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 897 (5th Cir. 2000) (concluding that discovery orders do not constitute final decisions under 28 U.S.C. § 1291).  Accordingly, the relief requested by Defendants pursuant to Rule 60(b) is **denied**.

Finally, the court disagrees with Defendants' assertion that the court lacks jurisdiction over Plaintiff's Motion for Order of Civil Contempt against Defendants.  The court entered an Agreed Judgment in this case on June 28, 2012, and Plaintiff filed a Motion for Order of Civil Contempt, contending that Defendants have failed to comply with the Agreed Judgment.  As explained by the Fifth Circuit, a district court has continuing jurisdiction over its judgments and may enforce a judgment through contempt sanctions.  *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 238 (5th Cir. 1997) ("A district court has continuing jurisdiction in support of its judgment, and [u]ntil

the judgment has been properly stayed or superseded, the district court may enforce it through

contempt sanctions." (internal citations and quotation marks omitted).

      **It is so ordered** this 16th day of July, 2013.

<br/>

Sam A. Lindsay
United States District Judge